FILED IN CLERK'S OFFICE
U.S.D.C. - Atlanta

SEP 0 2 2009

JAMES N. HATTEN, Clerk
By: _____ Deputy Clerk

# IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF GEORGIA
### ATLANTA DIVISION

CAP

| | | |
|---|---|---|
| HINDU TEMPLE AND COMMUNITY CENTER OF GEORGIA, INC., ANILKUMAR PARIMALAN, VISWANAHAN LAKSHMANAN, SHESHAMANI VISWANAHAN, and ANNAMALAI ANNAMALAI, | ) ) ) ) ) ) | |
| Plaintiffs, | ) ) ) | CIVIL ACTION NO.<br><br>**1 09-CV-2401** |
| v. | ) ) ) | |
| VALMIKINATHAN P. RAGHUNATHAN, SUNDARAM RAGHUNATHAN, SEEMA PATEL, DR. SELVI VASUDEVAN, NEW WORLD COMMUNICATIONS OF ATLANTA, INC. a/k/a FOX 5 ATLANTA a/k/a WAGA-TV, BASKARAN R. VENGESANAM, SENTHILKUMAR KANDASAMY, PAUL A. CWALINA, GITA KOTECHA, VENKATESH NATARAJAN, TERESA LOUIS, PACKIYALEKSHMI PILLAI, and GWINNETT COUNTY POLICE DEPARTMENT, | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) | |
| Defendants. | ) ) | |

## COMPLAINT

PRELIMINARY STATEMENT

1) This civil action is brought to recover damages stemming from illegal

1

activities prohibited by the Racketeer Influenced and Corrupt Organizations Act (18 U.S.C. § 1961 et seq.) (RICO). This is also a civil action for conspiracy to extort, assault, intentional infliction of emotional distress, intentional interference with prospective business relations, and tortious breach of duty of good faith and fair dealing.

## JURISDICTION AND VENUE

2)    The jurisdiction of this court over Counts I through IV is premised upon 18 U.S.C. § 1964(a), (c) and (d). Federal jurisdiction is also based on 28 U.S.C. § 1331 and 28 U.S.C. § 1337. The court has jurisdiction of the state law claims contained in Counts V through VIII under the doctrine of supplemental jurisdiction under 28 U.S.C. § 1367.

3)    Venue is proper in this district under 18 U.S.C. § 1391(b) and (c). All defendants transact business within this district. The acts alleged took place within and without this district.

## PARTIES AND RELATIONSHIPS

4)    The material times to this action are from 2006, through the date of this complaint.

5)    Plaintiff Hindu Temple and Community Center of Georgia is a not-for-profit Georgia corporation engaged in the business of providing spiritual and religious

2

services to members of the Hindu faith.   The Hindu Temple and Community Center of Georgia, Inc., principal offices and place of business are located at 5900 Brook Hollow Parkway, Norcross, Georgia  30071.

6)      Plaintiff Annamalai Annamalai is a Gwinnett County, Georgia resident.

7)      Defendant Valmikinathan P. Raghunathan is an individual residing at 9635 Ventana Way Ste 101, Alpharetta, Georgia 30022.

8)      Defendant Sundaram Raghunathan is an individual residing at 4910 Bankside Way, Norcross, Georgia 30092.

9)      Defendant Seema Patel is an individual residing at 1530 Della Dr., Hoffman Estates, Illinois 60169.

10)     Defendant Dr. Selvi Vasudevan  is an individual residing at 2504 Plaza Dr., Woodbridge, New Jersey 07095.

11)     Defendant New World Communications of Atlanta, Inc. a/k/a Fox 5 Atlanta a/k/a WAGA-TV holds its principal place of business at 1551 Briar Cliff Rd. NE, Atlanta,  Georgia 30306.

12)     Defendant Baskaran R. Vengesanam is an individual residing at 1322 Forty Oaks Dr., Herndon, Virginia 20170.

13)     Defendant Teresa Louis is an individual residing at 3219 W. Parkway Drive, Apt. 3B, Northbrook, Illinois  30062.

14)    Defendant  Paul A. Cwalina   is an individual employed at 770 Hi Hope Road, Lawrenceville, Georgia  30043.

15)    Defendant Senthilkumar Kandasamy is an individual residing at 2330 Sandra Sue Drive, Apt. D, St. Louis, Missouri  63114-1728.

16)    Defendant Gita Kotecha is an individual residing at 4506 Woodford Pass NE, Roswell, Georgia 30078.

17)    Defendant  Gwinnett  County  Police  Department  is  a  county-wide  law enforcement agency of limited jurisdiction whose headquarters is located at 770 Hi Hope Road, Lawrenceville, Georgia  30043.

18)    Defendant Packiyalekshmi Pillai, is an individual residing at 23 Sherwood Lane, Columbus, New Jersey 08022.


FACTS

19)    In or around, June, 2006, Defendant Paul A. Cwalina was employed by the Gwinnett County Police Department to investigate threats made against the Hindu Temple and Community Center of Georgia, Inc., (hereinafter "HTC") regarding the opening of a Hindu temple in Norcross, Georgia.

4

20)    Between June, 2006, and December, 2007, Defendant Cwalina began conducting an investigation of the HTC regarding an allegation of the unlicensed practice of medicine by Plaintiff Annamalai Annamalai.

21)    Defendant Cwalina's investigation was prompted by communications from Dr. Selvi Vasudevan, a pediatrician living in New Jersey, who claimed to have been given medical treatment at the HTC property in Norcross, Georgia.

22)    Subsequently, in or around July 31, 2008, Defendants Sundaram Raghunathan and Valmikinathan P. Raghunathan trespassed upon the HTC property in Norcross, Georgia, and assaulted and battered two employees of HTC in retaliation for those employees remaining in the employ of HTC.

23)    Plaintiff Annamalai Annamalai was emotionally distressed by the foregoing severe threat of violence and serious bodily harm.

24)    Following the events of July 31, 2008, Defendants Sundaram Raghunathan and Valmikinathan P. Raghunathan began to conspire with Defendant Cwalina to harass and oppress Plaintiffs HTC and Annamalai Annamalai.

25)    Subsequent to July 31, 2008, and continuously thereafter, the precise starting date being unknown, Defendants combined, confederated, conspired and agreed to obtain money, additional work, and materials from Plaintiffs HTC and Annamalai Annamalai by means of extortion as that term is defined in 18 U.S.C. § 1951(b)(2).

5

The extortionate conduct obstructed, delayed or affected commerce or the movement of articles and commodities in commerce as defined in 18 U.S.C. § 1951(b)(3). The acts included conduct reasonably calculated to induce fear of economic loss by wrongfully depriving and withholding, from Plaintiffs HTC and Annamalai Annamalai and others payment of monies that were rightfully due and owing.

26)   Beginning in or about June, 2008, Defendants Sundaram Raghunathan and Valmikinathan P. Raghunathan began urging other Hindu worshippers to contact Defendant Cwalina to file unmeritorious and baseless police reports against Plaintiff Annamalai Annamalai, with the assistance of Defendant News Corporation, to persuade such other named Defendants to wrongfully withhold payments of monies due and owing to HTC. This was initially accomplished by encouraging the filing of false police reports and public statements condemning the actions of Annamalai Annamalai; subsequently, Defendants Sundaram Raghunathan, Valmikinathan P. Raghunathan, and Cwalina engaged in a bad-faith conspiracy which resulted in one or more overt acts deliberately designed to harm the reputation of the Plaintiffs named herein, in furtherance of which Plaintiff Annamalai Annamalai was arrested without due process of law, in violation of Plaintiff Annamalai Annamalai's Constitutional and statutory rights.

27) The Defendants named herein, without legal justification or excuse, solely for the purpose of intentionally, maliciously and outrageously (a) subjecting Plaintiff Annamalai Annamalai to severe emotional distress, (b) subjecting Plaintiffs Annamalai Annamalai and HTC to great economic duress and (c) otherwise damaging and interfering with the business or occupation of plaintiffs, Defendants Sundaram Raghunathan, Valmikinathan P. Raghunathan, and Paul A Cwalina induced other named defendants named herein to wrongfully revoke pledges and donations.

28) Thereafter, Defendants Sundaram Raghunathan, Valmikinathan P. Raghunathan, and Paul A Cwalina, and other Defendants named herein, intentionally, outrageously and maliciously, with intent to unjustifiably damage plaintiffs in their business or occupation, demanded that Plaintiffs stop leasing a community center area of HTC's premises for events which included serving meat or alcohol.

29) Subsequently, Defendants Sundaram Raghunathan, Valmikinathan P. Raghunathan, Paul A Cwalina and the Defendants named herein demanded concessions from Plaintiffs HTC and Annamalai Annamalai, both of whom were subjected to severe emotional distress by the violent nature of Defendants Sundaram Raghunathan, Valmikinathan P. Raghunathan, and Paul A Cwalina

conduct and the implicit threat of economic duress that would result if the other Defendants, named herein, did not receive satisfactory resolution of their complaints.

## COUNT I: RACKETEER INFLUENCED AND CORRUPT ORGANIZATIONS ACT

30)   Plaintiffs reallege paragraphs 1 through 29.

31)   This is a civil action brought by Plaintiffs against Defendants named herein under RICO; Plaintiffs are each a "person" within the meaning of 18 U.S.C. §§ 1961(3) and 1962(c).

32)   Defendants named herein are each a "person" within the meaning of 18 U.S.C. §§ 1961(3) and 1962(c).

33)   The activities of the Defendants named herein is an enterprise within the meaning of 18 U.S.C. §§ 1961(4) and 1962(c) engaged in, or the activities of which affect, interstate commerce within the meaning of 18 U.S.C. § 1962(c).

34)   Defendants Sundaram Raghunathan, Valmikinathan P. Raghunathan, and Paul A Cwalina, in addition to the other Defendants named herein, were employed by or associated with the enterprise referred to in paragraph 32 and conducted or participated, directly or indirectly, in the conduct of the enterprise's affairs, through

a pattern of racketeering activity within the meaning of 18 U.S.C. § 1961(1)(A) or (B) and (5), that is: extortion in violation of 18 U.S.C. §§ 2 and 1951, and interstate travel in aid of extortion in violation of 18 U.S.C. §§ 2 and 1952.

35)    Plaintiffs have been injured in their business and property by reason of a violation of 18 U.S.C. § 1962(c) committed by the defendants within the meaning of 18 U.S.C. § 1964(c), in that monies lawfully due and owing to HTC have been unlawfully withheld. The unlawful withholding of monies due and owing to HTC has directly and proximately caused plaintiffs to incur substantial expense to obtain payment of the monies, to lose the use of their money from 2008 through the date of the complaint, and to forego other business opportunities during the period that these monies were unlawfully withheld.

WHEREFORE, the Plaintiffs demand that judgment be entered against each of the Defendants, jointly and severally, in favor of the Plaintiffs, as to Count I:

A. For compensatory damages for damage and injury to business or property in an amount of $2,000,000.00,

B. For damages for injury to business or property trebled in accordance with 18 U.S.C. § 1964(c),

C. For damages for mental anguish and emotional distress,

D. For punitive damages,

E. For reasonable attorney fees in accordance with 18 U.S.C. § 1964(c), and

F. For costs of investigation in an undetermined amount, trebled in accordance with 18 U.S.C. § 1964(c).

## COUNT II: CONSPIRACY TO VIOLATE RICO

36)     Plaintiffs reallege paragraphs 1 through 35.

37)     Defendants named herein conspired to violate 18 U.S.C. § 1962(c) by agreeing to conduct or participate in the affairs of the enterprise referred to in paragraph 32 through a pattern of racketeering activity within the meaning of 18 U.S.C. § 1961(1)(A) or (B) and (5), that is: extortion in violation of 18 U.S.C. §§ 2 and 1951, and interstate travel in aid of extortion in violation of 18 U.S.C. §§ 2 and 1952.

38)     Plaintiffs have been injured in their business and property by reason of a violation of 18 U.S.C. § 1962(d) committed by the Defendants within the meaning of 18 U.S.C. § 1964(c) in that monies due and owing to plaintiff HTC have been unlawfully withheld. The unlawful withholding of monies due and owing to HTC has directly and proximately caused plaintiffs to incur substantial expense to obtain payment of the monies, to lose the use of their monies from 2008, through the date

of the complaint, and to forego other business opportunities during the period that these monies were unlawfully withheld.

WHEREFORE, the Plaintiffs demand that judgment be entered against each of the Defendants, jointly and severally, in favor of the Plaintiffs, as to Count II:

A. For compensatory damages for damage and injury to business or property in an amount of $2,000,000.00,

B. For damages for injury to business or property trebled in accordance with 18 U.S.C. § 1964(c),

C. For damages for mental anguish and emotional distress,

D. For punitive damages,

E. For reasonable attorney fees in accordance with 18 U.S.C. § 1964(c), and

F. For costs of investigation in an undetermined amount, trebled in accordance with 18 U.S.C. § 1964(c).

## COUNT III: CONSPIRACY TO EXTORT

39)     Plaintiffs reallege paragraphs 1 through 38.

40)     This is a civil action brought by Plaintiffs against Defendants named herein for conspiracy to use wrongful and unlawful threats to obtain services, property and money from the Plaintiffs.

41) Defendants named herein combined, confederated, agreed and conspired to use wrongful and unlawful threats to obtain services, material and money from Plaintiffs. In furtherance of the conspiracy, the conspirators (Defendants named herein) committed one or more overt acts.

42) As a direct and proximate result of the overt acts committed and caused to be committed by Defendants named herein in furtherance of the conspiracy, Plaintiff Annamalai Annamalai suffered severe emotional distress and mental anguish. In addition, monies due and owing to HTC were wrongfully withheld which has directly and proximately caused Plaintiffs to incur substantial additional expense to obtain payment of the monies, to lose the use of their money from 2008, through the date of the complaint and to forego other business opportunities during the period that these monies were unlawfully withheld.

WHEREFORE, the Plaintiffs demand that judgment be entered against each of the Defendants, jointly and severally, in favor of the Plaintiffs, as to Count III:

A. For compensatory damages for damage and injury to business or property in an amount of $2,000,000.00,

B. For damages for injury to business or property trebled in accordance with 18 U.S.C. § 1964(c),

C. For damages for mental anguish and emotional distress,

D. For punitive damages,

E. For reasonable attorney fees in accordance with 18 U.S.C. § 1964(c), and

F. For costs of investigation in an undetermined amount, trebled in accordance with 18 U.S.C. § 1964(c).


COUNT IV: INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

43)    Plaintiff Annamalai Annamalai realleges paragraphs 1 through 42.

44)    This is a civil action brought by Plaintiff Annamalai Annamalai against the Defendants named herein for intentional infliction of emotional distress.

45)    Defendants Sundaram Raghunathan, Valmikinathan P. Raghunathan, and Paul A Cwalina, along with the other Defendants named herein, intentionally and recklessly, for the purpose of causing Plaintiffs Annamalai Annamalai and HTC to perform services and provide materials without being fully paid for same and to wrongfully obtain cash monies from HTC and Annamalai Annamalai, acted in an extreme and outrageous manner towards HTC and Annamalai Annamalai, the conduct designed and intended to inflict severe emotional distress on Plaintiff Annamalai Annamalai and was the direct and proximate cause of severe emotional distress suffered by Plaintiff Annamalai.

WHEREFORE, the Plaintiffs demand that judgment be entered against each of the Defendants, jointly and severally, in favor of the Plaintiffs, as to Count IV:

A. For compensatory damages for damage and injury to business or property in an amount of $2,000,000.00,

B. For damages for injury to business or property trebled in accordance with 18 U.S.C. § 1964(c),

C. For damages for mental anguish and emotional distress,

D. For punitive damages,

E. For reasonable attorney fees in accordance with 18 U.S.C. § 1964(c), and

F. For costs of investigation in an undetermined amount, trebled in accordance with 18 U.S.C. § 1964(c).

## COUNT V: MALICIOUS INTERFERENCE WITH BUSINESS OR OCCUPATION

46)    Plaintiffs reallege paragraphs 1 through 45.

47)    This is a civil action brought by Plaintiffs against the Defendants named herein for malicious interference with the business or occupation of Plaintiffs.

14

48) Defendants committed intentional and willful acts, as set forth, which were designed and calculated to cause damage to Plaintiffs in their lawful business and occupation.

49) Defendants, in committing intentional and willful acts calculated to cause damage to the business and occupation of plaintiffs, acted with the unlawful purpose to cause such damage and without right or justifiable cause or other privilege or exemption that could warrant, justify, license, mitigate or excuse such conduct.

50) Plaintiffs have been injured in their lawful business and occupation by reason of the malicious interference with their lawful business and occupations committed by Defendants in that monies lawfully due and owing to HTC have been unlawfully withheld. The unlawful withholding of monies due and owing to HTC directly and proximately caused Plaintiffs, to forego other religious service opportunities during the period that these monies were unlawfully withheld.

WHEREFORE, the Plaintiffs demand that judgment be entered against each of the Defendants, jointly and severally, in favor of the Plaintiffs, as to Count V:

A. For compensatory damages for damage and injury to business or property in an amount of $2,000,000.00,

B. For damages for injury to business or property trebled in accordance with 18 U.S.C. § 1964(c),

C. For damages for mental anguish and emotional distress,

D. For punitive damages,

E. For reasonable attorney fees in accordance with 18 U.S.C. § 1964(c), and

F. For costs of investigation in an undetermined amount, trebled in accordance with 18 U.S.C. § 1964(c).


COUNT VI: TORTIOUS BREACH OF DUTY OF GOOD FAITH AND FAIR DEALING ARISING OUT OF ORAL CONTRACTS

51)   Plaintiffs reallege paragraphs 1 through 50.

52)   This is a civil action brought by Plaintiffs against Defendants for a tortuous breach of the duty of good faith and fair dealing arising out of the contract between the above-named defendants and HTC.

53)   HTC entered into oral contracts with the individual Defendants named herein, excepting News Corporation and Gita Kotecha, for the rendering of spiritual services and pledges of donations to be made by the individual Defendants. The Defendants herein had a duty of good faith and fair dealing to HTC arising out of that contract.

16

54)     The Defendants named herein, through their employees and agents, engaged in a tortious course of conduct against HTC, which included the performance of acts damaging to HTC, without legal justification or excuse. These acts were motivated by actual malice for the purpose of deliberately and willfully injuring Plaintiffs HTC and Annamalai Annamalai. As a direct and proximate result of the breach of duty of good faith and fair dealing, Plaintiff Annamalai Annamalai suffered severe emotional distress and mental anguish. In addition, monies due and owing to HTC were wrongfully withheld which has directly and proximately caused HTC to incur substantial additional expense to obtain payment of the monies, to lose the use of those monies from 2008, through the date of the complaint, and to forego other business opportunities during the period that these monies were unlawfully withheld.

WHEREFORE, the Plaintiffs demand that judgment be entered against each of the Defendants, jointly and severally, in favor of the Plaintiffs, as to Count VI:

A. For compensatory damages for damage and injury to business or property in an amount of $2,000,000.00,

B. For damages for injury to business or property trebled in accordance with 18 U.S.C. § 1964(c),

C. For damages for mental anguish and emotional distress,

D. For punitive damages,

E. For reasonable attorney fees in accordance with 18 U.S.C. § 1964(c), and

F. For costs of investigation in an undetermined amount, trebled in accordance with 18 U.S.C. § 1964(c).


## COUNT VII: VIOLATION OF CONSTITUTIONAL RIGHTS

55)   Plaintiffs reallege paragraphs 1 through 54.

56)   On or around August, 2008, Defendant Cwalina went to the HTC property in Norcross, Georgia, and sought to question Plaintiffs Anilkumar Parimalan, Viswanahan Lakshmanan, and Sheshamani Viswanahan (hereinafter collectively "Pundits"), despite having been informed that Pundits were represented by counsel, and that Pundits should not be contacted outside the presence of counsel.

57)   On or around October 28, 2008, Defendant Cwalina returned to the premises of HTC and called Plaintiffs Anilkumar Parimalan, Viswanahan Lakshmanan, and Sheshamani Viswanahan, individually, into a area from which Defendant Cwalina had excluded other people, and threatened Plaintiffs Anilkumar Parimalan, Viswanahan Lakshmanan, and Sheshamani Viswanahan, individually, that they would be shot in the head, while Defendant Cwalina pressed his pistol against the

head of each of the Pundits, unless each withdrew his criminal complaint filed against Defendants Sundaram Raghunathan and Valmikinathan P. Raghunathan.

58)   Defendant Cwalina assaulted and battered Plaintiffs Anilkumar Parimalan, Viswanahan Lakshmanan, and Sheshamani Viswanahan.

59)   The intentional assault and battery of Plaintiffs Anilkumar Parimalan, Viswanahan Lakshmanan, and Sheshamani Viswanahan by Defendant Cwalina when Plaintiffs were unarmed and did not pose a threat of death or grievous bodily injury to Defendant Cwalina or others, when Defendant had no lawful authority to arrest Plaintiffs Anilkumar Parimalan, Viswanahan Lakshmanan, and Sheshamani Viswanahan, or to use deadly or non-deadly force against Plaintiff, was done with actual malice toward plaintiff and with willful and wanton indifference to and deliberate disregard for the constitutional rights of the Plaintiffs, in violation of 42 U.S.C. § 1983.

60)   Plaintiffs Anilkumar Parimalan, Viswanahan Lakshmanan, and Sheshamani Viswanahan are thus entitled to exemplary damages.

WHEREFORE, the Plaintiffs demand that judgment be entered against each of the Defendants, jointly and severally, in favor of the Plaintiffs, as to Count VII:

A. For compensatory damages for damage and injury to business or property in an amount of $2,000,000.00,

19

B. For damages for injury to business or property trebled in accordance with 18 U.S.C. § 1964(c),

C. For damages for mental anguish and emotional distress,

D. For punitive damages.


## COUNT VIII: VIOLATION OF STATUTORY CIVIL RIGHTS

61)   Plaintiffs incorporates by reference paragraphs 1 through 60.

62)   The intentional assault and battery of Plaintiffs Anilkumar Parimalan, Viswanahan Lakshmanan, and Sheshamani Viswanahan by Defendant Cwalina when Plaintiffs were unarmed and did not pose a threat of death or grievous bodily injury to Defendant Cwalina or others, when Defendant had no lawful authority to arrest Plaintiffs Anilkumar Parimalan, Viswanahan Lakshmanan, and Sheshamani Viswanahan, or to use deadly or non-deadly force against Plaintiff, was done with actual malice toward plaintiff and with willful and wanton indifference to and deliberate disregard for the statutory civil rights of Plaintiffs, in violation of 42 U.S.C. § 1983.

WHEREFORE, the Plaintiffs demand that judgment be entered against each of the Defendants, jointly and severally, in favor of the Plaintiffs, as to Count VIII:

A. For compensatory damages for damage and injury to business or property in an amount of $2,000,000.00,

B. For damages for injury to business or property trebled in accordance with 18 U.S.C. § 1964(c),

C. For damages for mental anguish and emotional distress,

D. For punitive damages.


COUNT IX: VIOLATION OF CONSTITUTIONAL RIGHTS

63)    Plaintiffs incorporates by reference paragraphs 1 through 62.

64)    It was the policy and practice of Gwinnett County Police Department] to employ certain police officers, including Defendant Cwalina.

65)    It was the policy and practice of Gwinnett County Police Department to authorize certain officers, including Defendant Cwalina to cover up the use of excessive force despite the lack of probable cause to arrest or any actual violation justifying the issuance of a ticket. This policy and practice of Gwinnett County Police Department encouraged and caused constitutional violations by police officers of Gwinnett County Police Department, including the violation of Plaintiff's constitutional rights by Defendant Cwalina.

66)   It was the policy and practice of Gwinnett County Police Department to authorize certain officers, including Defendant Cwalina, to prevent detained persons from making phone calls or seeking counsel, and to abuse verbally those detained persons who sought to assert Constitutional or statutory rights. These policies and practices of Gwinnett County Police Department encouraged and caused constitutional violations by Gwinnett County Police Department police officers, including the violations of Plaintiffs' constitutional rights by Defendant Cwalina, in violation of 42 U.S.C. § 1983.

67)   At all pertinent times, Gwinnett County Police Department and other unknown supervisors who supervised Defendant Cwalina, who unlawfully violated Plaintiffs' rights encouraged and tolerated the policies and practices. Defendant Gwinnett County Police Department refused adequately to train, direct, supervise, or control Defendant Cwalina so as to prevent the violation of Plaintiffs' constitutional rights.

68)   Defendant Cwalina was acting within the scope of his employment and pursuant to the policies and practices of Gwinnett County Police Department. These policies and practices were enforced by Defendant Cwalina, and were the moving force, proximate cause, or affirmative link behind the conduct causing the

WHEREFORE, the Plaintiffs demand that judgment be entered against each of the Defendants, jointly and severally, in favor of the Plaintiffs, as to Count IX:

A. For compensatory damages for damage and injury to business or property in an amount of $2,000,000.00,

B. For damages for injury to business or property trebled in accordance with 18 U.S.C. § 1964(c),

C. For damages for mental anguish and emotional distress,

D. For punitive damages.

## COUNT X: CONSPIRACY TO VIOLATE CIVIL RIGHTS

69)     Plaintiffs incorporate by reference paragraphs one through 68.

70)     Defendants Sundaram Raghunathan, Valmikinathan P. Raghunathan, and Cwalina conspired to violate Plaintiffs' statutory civil rights in violation of 42 U.S.C. § 1983, for which Defendants Sundaram Raghunathan, Valmikinathan P. Raghunathan, and Cwalina are individually liable.

WHEREFORE, the Plaintiffs demand that judgment be entered against each of the Defendants, jointly and severally, in favor of the Plaintiffs, as to Count X:

Plaintiff's injuries. Gwinnett County Police Department and Defendant Cwalina are

therefore liable for the violation of Plaintiff's constitutional rights.

A. For compensatory damages for damage and injury to business or property in an amount of $2,000,000.00,

B. For damages for injury to business or property trebled in accordance with 18 U.S.C. § 1964(c),

C. For damages for mental anguish and emotional distress,

D. For punitive damages.


## COUNT XI: RESPONDEAT SUPERIOR LIABILITY

71)    Plaintiffs incorporate by reference paragraphs one through 70.

72)    At all times pertinent here to, Defendant Cwalina was acting within the scope of his employment as an officer of the Gwinnett County Police Department.

73)    Gwinnett County Police Department is liable for compensatory damages under the doctrine of respondeat superior for the intentional torts of Defendant Cwalina committed within the scope of this employment.

WHEREFORE, the Plaintiffs demand that judgment be entered against each of the Defendants, jointly and severally, in favor of the Plaintiffs, as to Count XI:

A. For compensatory damages for damage and injury to business or property in an amount of $2,000,000.00,

24

B. For damages for injury to business or property trebled in accordance with 18 U.S.C. § 1964(c),

C. For damages for mental anguish and emotional distress,

D. For punitive damages.


## COUNT XII: RESPONDEAT SUPERIOR LIABILITY

74)    Plaintiffs incorporate by reference paragraphs one through 73.

75)    Gwinnett County Police Department, through its agents, expressly authorized Defendant Cwalina to use excessive force; knew, through its agents, that Defendant Cwalina had a propensity for committing intentional torts, using excessive force in the line of duty; and acquiesced in Defendant Cwalina's wrongful conduct, in violation of 42 U.S.C. § 1983.

76)    Plaintiffs are thus entitled to exemplary damages against Gwinnett County Police Department for the malicious conduct of Defendant Cwalina.

WHEREFORE, the Plaintiffs demand that judgment be entered against each of the Defendants, jointly and severally, in favor of the Plaintiffs, as to Count XII:

A. For compensatory damages for damage and injury to business or property in an amount of $2,000,000.00,

B. For damages for injury to business or property trebled in accordance with 18 U.S.C. § 1964(c),

C. For damages for mental anguish and emotional distress,

D. For punitive damages.


COUNT XIII: NEGLIGENCE

77)    Plaintiffs incorporate by reference paragraphs one through 76.

78)    Defendant Cwalina, while acting as an agent and employee for Gwinnett County Police Department in his capacity as police officers for Gwinnett County Police Department, owed a duty to Plaintiff to perform police duties without the use of excessive force. Defendant's use of force upon Plaintiffs, when Plaintiffs were unarmed and did not pose a threat of death or grievous bodily injury to Defendant or others constitutes negligence for which Defendants are individually liable.

79)    The negligent actions of the Defendants in violation of 42 U.S.C. § 1983, complained of herein, toward Plaintiffs when Plaintiffs were unarmed and did not pose a threat of death or grievous bodily injury to Defendants or others, and when Defendants had no lawful authority to arrest Plaintiffs or to use force against Plaintiffs, was done with willful and wanton indifference to and deliberate

disregard for human life and the rights of Plaintiffs. Plaintiffs are thus entitled to exemplary damages.

WHEREFORE, the Plaintiffs demand that judgment be entered against each of the Defendants, jointly and severally, in favor of the Plaintiffs, as to Count XIII:

A. For compensatory damages for damage and injury to business or property in an amount of $2,000,000.00,

B. For damages for injury to business or property trebled in accordance with 18 U.S.C. § 1964(c),

C. For damages for mental anguish and emotional distress,

D. For punitive damages.


PRAYER FOR RELIEF

WHEREFORE, the Plaintiffs demand that judgment be entered against each of the Defendants, jointly and severally, in favor of the Plaintiffs as to Counts I - XIII:

1. For compensatory damages for damage and injury to business or property in an amount of $26,000,000.00,

2. For damages for injury to business or property trebled in accordance with 18 U.S.C. § 1964(c),

3. For damages for mental anguish and emotional distress,

4. For punitive damages,

5. For reasonable attorney fees in accordance with 18 U.S.C. § 1964(c), and

6. For costs of investigation in an undetermined amount, trebled in accordance with 18 U.S.C. § 1964(c).

*SMF w/ express permission*

Michael L. Rothenberg
Georgia Bar No: 615671
Phone: (678) 488-5783

*SMF w/ express permission*

Alex R. Roberson
Georgia Bar No: 558117
Phone: (770) 447-1000

*Stacy Ehr*

Stacy M. Ehrisman
Georgia Bar No: 452069
Phone: (770) 820-4430

ROTHENBERG, ROBERSON & EHRISMAN, P.C.
5900 Brook Hollow Parkway Suite 1001
Norcross, GA 30071
Fax (770) 447-9392